IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CENTIMARK CORPORATION, a )
Pennsylvania corporation, )
    Plaintiff )
)
v. ) Civil Action No. 07-342
)
MICHAEL SAFFOLD, an adult )
individual, )
    Defendant. )

MEMORANDUM

Gary L. Lancaster,
District Judge.                                      August 4, 2007

This is an action for injunctive relief and damages. Plaintiff, Centimark Corporation, alleges that defendant, Michael Saffold, a former employee, breached his employment agreement by working for a competitor in violation of a non-compete clause, and by soliciting plaintiff's employees in violation of a non-solicitation clause. Plaintiff seeks a preliminary injunction and liquidated damages. Defendant has filed a motion to dismiss, or in the alternative, to transfer venue.[1] Defendant argues that the action should be dismissed because he is not subject to personal

---

[1] Pending before the court are also plaintiff's motion for preliminary injunction [document #2], plaintiff's motion for a hearing [document #4], plaintiff's motion for an order of court directing preservation of documents, software and things [document # 5], plaintiff's motion to expedite discovery [document #6] and plaintiff's motion to enforce the settlement agreement [document#22]. Because of our decision with regards to venue, we do not reach the merits of these motions.

jurisdiction in Pennsylvania and because plaintiff never properly served him with a summons and a complaint. Defendant argues, in the alternative, that if the action is not dismissed, it should be transferred to the Northern District of Illinois.

For the reasons set forth below, defendant's motion to transfer venue will be granted.

I.  BACKGROUND

Plaintiff is one of the largest commercial and industrial roofing contractors in North America. Complaint at ¶ 9 (hereinafter "Compl."). Plaintiff sells, installs and services roofs and roofing systems throughout the United States and Canada, operating out of approximately 50 or more offices. Compl. ¶ 10.

Plaintiff hired defendant in March of 1986 as an hourly laborer in its West Chicago, Illinois office. Compl. ¶ 21. In 1990, defendant was promoted to Superintendent of Operations. Compl. ¶ 23. Although the parties dispute the circumstances surrounding the signing of the agreement, they agree that in 1991 defendant signed an Employment Agreement which contained, among other things, a covenant not to compete and a forum selection clause. Compl. ¶ 28; Memorandum of Law in Support of Defendant's Motion to Dismiss or, in the Alternative, to Transfer Venue at p. 2.

2

In September of 2006, defendant resigned his employment with plaintiff and, at some point thereafter, began working for another roofing company. Compl. ¶¶ 51 and 53. Plaintiff filed suit in March of 2007 alleging that defendant breached the employment agreement by working for a competitor and inducing plaintiff's employees to work for the competitor. Compl. ¶¶ 51 and 57. Plaintiff has brought three claims: breach of contract (Count I), unfair competition (Count II), and misappropriation of confidential, proprietary business information, relationships and trade secrets (Count III).

II. <u>STANDARD OF REVIEW</u>

Defendant has filed a motion to dismiss for lack of proper service, lack of personal jurisdiction and in the alternative, to transfer venue. While the question of personal jurisdiction is typically decided in advance of venue, a court may proceed to the consideration of venue whenever there is sound justification for its doing so. See <u>Leroy v. Great Western United Corp.</u>, 443 U.S. 173, 180 (1979). In the instant case, deciding the jurisdictional issue would require us to determine the validity of the contract, one of the ultimate issues in the case. Because we find that the interests of justice require a change of venue, we will instead proceed to consider that motion.

In making a determination as to whether transferring venue is appropriate, "the district court is vested with a wide

3

discretion." Plum Tree, Inc. v. Stockment, 488 F.2d 754, 756 (3d Cir. 1973). The moving party has the burden of proving that a venue transfer is warranted. Plum Tree at 756-757.

II. DISCUSSION

Defendant alleges that this action should be dismissed because he is not a resident of Pennsylvania and none of the events giving rise to these claims occurred in Pennsylvania. Therefore, defendant contends that this venue is improper and the case should be dismissed pursuant to 28 U.S.C. 1406. In the alternative, defendant contends that the case should be transferred to the Northern District of Illinois for the convenience of the parties, witnesses, and in the interest of justice, pursuant to 28 U.S.C. 1404(a).

Plaintiff contends that defendant is subject to this court's jurisdiction because defendant has traveled to Pennsylvania in relation to his employment. Plaintiff further contends that the employment agreement's forum selection clause makes venue in the Western District of Pennsylvania appropriate.

Questions of venue are governed either by 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406. Jumara v. State Farm Ins. Co., 55 F.3d 873, 878 (3d Cir. 1995). "Section 1404(a) provides for the transfer of a case where both the original and the requested venue are proper. Section 1406, on the other hand, applies where the original venue is improper and provides for either transfer

4

or dismissal of the case." Id. The parties agree that defendant signed his employment agreement in the Northern District of Illinois, and that any alleged breach would have occurred in that district. Because the parties are citizens of different states and the amount in controversy is more than $75,000, it is clear that this action could have been brought in that district. 18 U.S.C. §§ 1332, 1391.

In deciding whether to transfer this case we are not limited to the factors enumerated in section 1404(a), but are allowed to "consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." Jumara at 879 (citing 15 Wright, Miller & Cooper § 3874.

We are allowed to consider factors such as plaintiff's forum preference, whether the claim arose elsewhere, the convenience of the parties as indicated by their relative physical and financial condition, the convenience of the witnesses (to the extent that the witnesses may be unavailable for trial in one of the fora), and the location of books and records (to the extent that they could not be produced in the alternative forum). Id. Other factors that courts may take into account include enforceability of the judgment, practical considerations that could make the trial easy, expeditious or inexpensive, the relative administrative difficulty in the two

5

fora resulting from court congestion, the local interest in deciding local controversies at home, the public policies of the fora, and the familiarity of the trial judge with the applicable state law in diversity cases. Id.

A forum selection clause does not receive dispositive weight, but it is entitled to substantial consideration. However, statutory factors such as, the convenience of witnesses and the interest of justice, "cannot be automatically outweighed by the existence of a purely private agreement between the parties." Plum Tree, 488 F.2d at 758. Such an agreement does not obviate the need for an analysis of the factors set forth in § 1404(a) and does not necessarily preclude the granting of the motion to transfer. Id.

We have carefully considered all the evidence and argument presented to the court, and decide that this case should be transferred to the Northern District of Illinois. In doing so, we found that the following factors weighed heavily in favor of transferring venue.

Although plaintiff is headquartered in Pennsylvania, it has an office in West Chicago, Illinois. This is where all actions giving rise to the claims took place. Defendant is, and has been for the relevant time period, a resident of Illinois. Trying this case in Illinois would cause minimum, if any, inconvenience to

plaintiff, while keeping the case in this district would cause a great inconvenience to defendant.

Most of the witnesses are also located in Chicago. Plaintiff contends that the head of its Human Resources department, the head of its Benefits department and its vice-president, are in Pennsylvania. On the other hand, defendant, the main witness in this contract dispute, is in Chicago. Defendant's supervisor (who allegedly had substantial involvement in procuring defendant's signature on the agreement) is in Chicago. The five employees whom defendant allegedly solicited are in Chicago, as is plaintiff's competitor. In fact, because the agreement was signed in Chicago and any breach occurred in Chicago, the bulk of the witnesses are in Chicago. This factor weighs heavily in favor of transferring venue to the Northern District of Illinois.

In looking at whether the interest of justice requires a transfer, we look at the parties' relative physical and financial condition. This too weighs heavily in favor of transferring the case. Plaintiff has indicated that it is one of the largest roofing contractors in North America, with over 50 offices in the United States and Canada. Plaintiff has not indicated that it would be financially inconvenienced by trying this case in the Northern District of Illinois, where it maintains an office and where all relevant facts occurred. Defendant on the other hand,

has filed a sworn affidavit stating that he has filed for bankruptcy in the past due to financial difficulties, and that the attorneys' fees and travel involved in litigating this case in Pennsylvania would be "financially devastating." It would clearly be against the interest of justice to force defendant to choose between defending this suit and financial ruin. Therefore, this factor weighs in favor of transferring the case.

Because all relevant acts occurred in Chicago, it is clear that the trial would be easier, more expeditious and inexpensive if it were tried in that federal district. There is no indication that relevant documents could not be produced in that forum. As to the local interest in deciding legal controversies at home, this factor also weighs in favor of a transfer.

An analysis of these factors reveals that this case should be transferred to the Northern District of Illinois. We note that in light of the forum selection clause and the fact that this is plaintiff's forum of choice, we do not take this decision lightly. However, we find that the interest of justice, the convenience of the parties and witnesses, and the fact that every key factual event occurred in Chicago, compel us to transfer this case to the Northern District of Illinois.

IV. CONCLUSION

Defendant's motion to transfer venue is granted. The appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CENTIMARK CORPORATION, a Pennsylvania corporation<br>    Plaintiff,<br><br>v.<br><br>MICHAEL SAFFOLD, an adult individual,<br>    Defendant. | Civil Action No. 07-342 |

O R D E R

Therefore, this 4th day of August, 2007, IT IS HEREBY ORDERED that Plaintiff's Motion to Transfer Venue [document #17] is GRANTED, forthwith.

BY THE COURT:

_____, J.

cc: All Counsel of Record

9